[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 18, 2010
JOHN LEY
CLERK

No. 09-14059
Non-Argument Calendar

_____

D. C. Docket No. 09-60059-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL HARLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 18, 2010)

Before DUBINA, Chief Judge, TJOFLAT and WILSON, Circuit Judges.

PER CURIAM:

Appellant Michael Harley appeals his sentences after his convictions for

selling and conspiring to sell United States Treasury checks, in violation of 18 U.S.C. §§ 371 and 510(b). Harley contends that, at his sentencing hearing, the district court improperly permitted Michael Gabriel, his co-defendant who had already pleaded guilty, to exercise his Fifth Amendment privilege. Harley asserts that Gabriel's testimony would have exonerated him.

We review a district court's evidentiary rulings for an abuse of discretion. *United States v. Khanani*, 502 F.3d 1281, 1292 (11th Cir. 2007). Even if an evidentiary ruling is erroneous, it will warrant reversal "only if the error was not harmless." *Id.* (internal quotation marks omitted). An error is harmless unless there is a reasonable likelihood that it affected the defendant's substantial rights. *Id.* (internal quotation marks omitted).

The Fifth Amendment provides, in relevant part: "No person shall be . . . compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V, cl. 2. "[A] witness's answers are not compelled within the meaning of the Fifth Amendment unless the witness is required to answer over his valid claim of privilege." *United States v. Vangates*, 287 F.3d 1315, 1320 (11th Cir. 2002) (internal quotation marks omitted). "[T]he Fifth Amendment permits a witness to refuse to answer any question put to him unless and until he is protected at least against the use of his compelled answers and evidence derived therefrom in any

2

subsequent criminal case in which he is a defendant." *Id.* (internal quotation marks omitted). That protection extends to any "proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Minnesota v. Murphy*, 465 U.S. 420, 426 104 S. Ct. 1136, 1141 (1984) (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77 94 S. Ct. 316, 322 (1973)).

To assert the privilege against self-incrimination, the threat of a future prosecution and possible conviction must be "reasonable, real, and appreciable." *United States v. Gecas*, 120 F.3d 1419, 1424 (11th Cir. 1997) (*en banc*). As a general rule, where there can be no further incrimination, there is no basis for asserting the privilege. *Mitchell v. United States*, 526 U.S. 314, 326, 119 S. Ct. 1307, 1314, (1999). A witness may not invoke the Fifth Amendment concerning a charge to which he has already pleaded guilty and "in which the sentence has been fixed and the judgment has become final . . . . If no adverse consequences can be visited upon the convicted person by reason of further testimony, then there is no further incrimination to be feared." *Id.*

We conclude from the record that the district court did not abuse its discretion by declining to compel Gabriel's testimony over his invocation of his Fifth Amendment privilege. It was not unreasonable to conclude that, by testifying in Harley's favor, Gabriel possibly would be contradicting his earlier statements

3

made as part of a guilty plea, exposing himself to a potential charge of perjury.

Moreover, we conclude that Harley has failed to demonstrate that any alleged error caused him prejudice. Harley has offered no reason for the introduction of Gabriel's testimony, other than a blanket assertion that Gabriel's testimony would have exonerated him. This is inappropriate at a sentencing hearing, as Harley's guilt had already been determined by a jury beyond a reasonable doubt. Additionally, as Gabriel's counsel made clear in his response to Harley's request that Gabriel testify, Gabriel would not provide any testimony that was favorable to Harley, even if compelled. In sum, Harley has not identified how his substantial rights were affected by the district court's decision to permit Gabriel to invoke the Fifth Amendment.

Accordingly, the district court's ruling was not an abuse of its discretion, and we affirm Harley's sentences.

**AFFIRMED.**